UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM DOUGLAS KORAN | * | CIVIL ACTION |
| VERSUS | * | NO. 22-802 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION "J" (2) |

Related to:  12-968 BELO in MDL 2179

## REPORT AND RECOMMENDATION

Defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP") filed a Motion to Dismiss Plaintiff's Complaint pursuant to Section IV(1) of the BELO Case Initial Proceedings Case Management Order (MDL 2179, ECF No. 14099), on the basis that Plaintiff William Douglas Koran opted-out of, and thus is not a class member of, the Medical Benefits Class under the Deepwater Horizon Medical Benefits Class Action Settlement Agreement (MDL No. 6427-1).  ECF No. 4.  Plaintiff opposes the motion, arguing that he timely sought to revoke his opt-out but BP unreasonably withheld its consent, and the Claims Administrator refused to process his claim rather than deny class membership status which would have enabled him to seek administrative review of that denial.  ECF No. 7.  Although neither party requested oral argument in accordance with Local Rule 78.1, the Court ordered oral argument on the matter, which was conducted on Wednesday, June 1, 2022.  ECF No. 8.

Having considered the record, the parties' oral and written submissions, and the applicable law, I recommend that BP's Motion to Dismiss be DENIED WITHOUT PREJUDICE.  I further recommend that Plaintiff's BELO claims be STAYED pending review of the reasonableness of BP's refusal to consent to Plaintiff's request to revoke his opt-out and to allow the parties 45 days to conduct limited discovery directed solely to the issues of (1) Plaintiff's decision to opt-out of

the BELO class, (2) Plaintiff's decision to revoke that opt-out, (3) BP's decision to refuse to consent to Plaintiff's request to opt-out and (4) communications between Plaintiff and the Claims Administrator.

## I.    BACKGROUND

### A.    Plaintiff's Personal Injury Claim

Plaintiff William Douglas Koran filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC"), specifically diffuse large B-cell lymphoma diagnosed on November 8, 2017. *See* ECF No. 1, ¶ 31, at 8. He claims that this resulted from his exposure (through inhalation, airborne and direct contact) to oil, dispersants, and other harmful substances during clean-up work related to the BP oil spill and as a result of living within Zone A. ECF No. 1, ¶¶ 27–28, 30, at 7-8.

### B.    The Pending Motion

BP moves to dismiss Plaintiff's Complaint based on his November 3, 2012 opt-out from the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA"). ECF No. 4-2, at 1-2. BP argues that Plaintiff's efforts to revoke that opt-out nine years later, on November 2, 2021, is not valid absent BP's consent, and BP did not consent. *Id.* at 2 (citing MSA ¶ XI.G). As a result of BP's failure to consent, BP contends that Plaintiff is not a class member and thus has no rights under the MSA, including the right to seek compensation through a BELO suit. *Id.* at 5. BP also argues that Plaintiff did not properly challenge his lack of class membership (via Class Membership Challenge Form) within 60 days after the Medical Settlement Agreement Claims Administrator (the "Claims Administrator") notified him that he was not a class member due to his opt-out. *Id.* at 2, 7-8 (citing MSA Section V.N, at 40; ECF No. 18533-1 (*Deepwater Horizon* Medical Benefits Settlement Class Membership Denial Challenge Procedures)). BP

argues that, because Plaintiff is not a class member, the Claims Administrator did not send the Notice of Intent to Sue ("NOIS") to BP, BP did not elect whether to mediate, and Plaintiff cannot satisfy the conditions precedent, justifying dismissal of his claims *with* prejudice. *Id.* at 6-7.

Plaintiff admits that he opted out of the Medical Benefits Settlement Class on November 3, 2012 (ECF No. 7, ¶ 2; *see also* ECF No. 1-2), but alleges that he sought to revoke his Notice of Opt-Out on November 8, 2021. ECF No. 1, ¶ 12; No. 1-3; No. 7, at 2-3. He contends that, because BP "unreasonably withheld" its consent to his revocation, he should be considered a member of the class. ECF No. 7. Plaintiff alleges that he submitted a NOIS to the Claims Administrator within four years of his diagnosis on June 25, 2021, with all supporting documentation (ECF No. 1, ¶ 13; No. 1-4; No. 7, at 2-4), but the Claims Administrator refused to process it, precluding BP's election to mediate or not and precluding his exhaustion of conditions precedent for this action. ECF No. 1, ¶ 13; No. 7, at 3-4. Plaintiff's counsel submits a declaration stating that he contacted the Claims Administrator regarding recourse for BP's failure to consent to revocation, but the Claims Administrator informed him that there was no recourse under the MSA's Class Membership Denial Challenge Procedures because the Claims Administrator issued no determination. ECF No. 7, at 3; No. 7-1, ¶¶ 10-11. Plaintiff argues that BP has intentionally misrepresented the Class Membership Denial Challenge Procedure as it does not apply when the claimant is challenging the reasonableness of BP's refusal to consent to a revocation rather than the Claims Administrator's determination of class membership status. ECF No. 7, at 11-13. He contends that the MSA would be profoundly inequitable were it to allow BP to serve as the sole and final decisionmaker on a claimant's request to revoke an opt-out after entry of Final Judgment and Order, particularly in a case like this where BP failed to articulate a reason why it refused to consent to the requested revocation. *Id.* at 13-18.

C. **BELO Background**

The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for LMPC, as defined in the *Deepwater Horizon* MSA. *See* 10-md-2179, ECF No. 6427-1, at § II(VV). As a condition precedent to filing a BELO suit, a class member must submit a NOIS to the Claims Administrator. *Id.* § VIII.A. The Plaintiff must identify the specific LMPC on the NOIS form and provide either a physician's certification or a medical record that contains both the diagnosed physical condition and the date of first diagnosis of that LMPC. MSA, Ex. 4, ECF No. 6427-6, at 3-4. The MSA imposes a four-year deadline for the NOIS to be submitted: "The NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years after either the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION or the EFFECTIVE DATE [of the MSA, February 12, 2014], whichever is later." MSA, ECF No. 6427-1, § VIII.A.

If the NOIS contains the required information, the Claims Administrator sends the NOIS to BP for a mediation election decision. *Id.* at §§ VIII.C.1. If BP elects not to mediate, or if mediation is unsuccessful, then the claimant may file a BELO lawsuit, which must be done within six months. *Id.* at §§ VIII.C.2 and 3, VIII.G.1.b. A class member "may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT *only* for that LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE." *Id.* at § VIII.G.2.a.

Under the MSA, any class member who did not wish to remain in the class was entitled to opt-out of the settlement by providing proper notice. *Id.* at § XI.E. Specifically, MSA Section XI.E. provides:

The MEDICAL BENEFITS SETTLEMENT CLASS NOTICE shall provide instructions regarding the procedures that must be followed to OPT OUT of the MEDICAL BENEFITS SETTLEMENT CLASS pursuant to Fed. R. Civ. P. 23(c)(2)(B)(v). The PARTIES agree that, to OPT OUT validly from the MEDICAL BENEFITS SETTLEMENT CLASS, a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER must submit a written request to OPT OUT stating "I wish to exclude myself from the Medical Benefits Settlement Class" (or substantially similar clear and unambiguous language) to the CLAIMS ADMINISTRATOR on or before such date as is ordered by the COURT. That written request shall also contain the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S printed name, address, phone number, and date of birth and enclose a copy of his or her driver's license or other government issued identification. A written request to OPT OUT may not be signed using any form of electronic signature, but must be signed by hand by the NATURAL PERSON seeking to exclude himself or herself from the MEDICAL BENEFITS SETTLEMENT CLASS or, where applicable, his or her AUTHORIZED REPRESENTATIVE. Attorneys for MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS may submit a written request to OPT OUT on behalf of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER, but such request must be signed by hand by the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER or, where applicable, his or her AUTHORIZED REPRESENTATIVE. The CLAIMS ADMINISTRATOR shall provide copies of all requests to OPT OUT to MEDICAL BENEFITS CLASS COUNSEL and BP'S COUNSEL within 7 days of receipt of each such form or request.[1]

Section XI.G of the MSA also provided a procedure for a person who opted-out to revoke that decision, which contained differing provisions depending on whether the person sought to revoke his opt-out before or after entry of the Final Order and Judgment.

Prior to the entry of the FINAL ORDER AND JUDGMENT, any NATURAL PERSON may revoke his or her OPT OUT from the MEDICAL BENEFITS SETTLEMENT CLASS and thereby receive the benefits of this MEDICAL BENEFITS CLASS ACTION SETTLEMENT by submitting a written request to the CLAIMS ADMINISTRATOR to revoke an OPT OUT stating "I wish to revoke my request to be excluded from the Medical Benefits Settlement Class" (or substantially similar clear and unambiguous language), and also containing the NATURAL PERSON'S printed name, address, phone number, and date of birth. . . . . After the entry of the FINAL ORDER AND JUDGMENT, a NATURAL PERSON may revoke his or her OPT OUT from the MEDICAL BENEFITS SETTLEMENT CLASS and thereby receive the benefit of this MEDICAL BENEFITS CLASS ACTION SETTLEMENT, by submitting a written request to the CLAIMS ADMINISTRATOR to revoke an OPT OUT stating "I wish to revoke my request to be excluded from the Medical Benefits Settlement Class" (or

---

[1] ECF No. 6427-1, at 95-96.

substantially similar clear and unambiguous language), and also containing the NATURAL PERSON'S printed name, address, phone number, and date of birth. The written request to revoke an OPT OUT must be signed by the NATURAL PERSON or, where applicable, his or her AUTHORIZED REPRESENTATIVE, seeking to revoke his or her OPT OUT. ***After entry of the FINAL ORDER AND JUDGMENT, BP must give its written consent to the NATURAL PERSON'S request to revoke his or her OPT OUT, which consent shall not be unreasonably withheld.***

MSA, § XI.G, at 97 (emphasis added).  Thus, before entry of the Final Order and Judgment, the person only needed to submit written notice of his desire to revoke the opt-out, but after entry of Final Order and Judgment, BP's written consent to the request to revoke was required, which consent could not be unreasonably withheld.

The MSA also provides:

The CLAIMS ADMINISTRATOR'S determination that a NATURAL PERSON is or is not a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER may be challenged by such NATURAL PERSON. Any such challenge must be filed by such NATURAL PERSON with the COURT within 60 days after the notice of the CLAIMS ADMINISTRATOR'S determination is sent to that NATURAL PERSON.[2]

The procedure for challenging this determination is set forth in the *Deepwater Horizon* Medical Benefits Settlement Class Membership Denial Challenge Procedures (ECF No. 18533-1).  The procedure to file a challenge is explained in Section II and requires any claimant who wishes to challenge a denial of class membership to submit a completed and signed Class Membership Challenge Form (available on the Claims Administrator's website or by request to the Claims Administrator) within 60 days of the date on the Notice of Determination Concerning Membership in the Medical Benefits Settlement Class.  ECF No. 18533-1, at 3.  The Claims Administrator must then docket the challenge with the Court, after which the Court conducts a de novo review of that determination based on a defined record.  *Id.*, MSA §§ III & IV, at 3-4.  "Time is of the essence in

---

[2] MSA, § V.N, at 43.

these Procedures.  The time limits set forth in these Procedures are and will be strictly enforced."
*Id.*, § VI, ¶ 5, at 6.

### D. Discussion During Oral Argument

BP argued that it has granted 82% of the revocation requests, but did not do so in this case for valid reasons.  BP had not previously articulated the bases for refusal to consent, but during oral argument, it stated that the refusal was based, in part, on (1) the 9-year time delay; (2) Koran's actively filing claims in this matter; and (3) credibility and veracity issues and criminal convictions for crimes involving veracity.  Further, Plaintiff filed his NOIS in June 2021, which was five months before he submitted his request for revocation in November 2021.

In response to the Court's inquiry during oral argument, both parties conceded that, if Plaintiff is not a class member and is not entitled to pursue a BELO claim, he would still have a B3 claim.  BP also indicated that it was not privy to any communications between Plaintiff and the Claims Administrator and therefore has no basis to confirm or deny what the Claims Administrator said regarding the processing of Plaintiff's NOIS and/or lack of class membership determination.

## II.    LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."  "A motion to dismiss for failure to state a claim is not meant to resolve disputed facts or test the merits of a lawsuit."[3]  Rather, it tests whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[4]

The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a

---

[3] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[4] *Id.*

complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[5]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[6]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[7]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[8]

The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[9]  The complaint must include enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[10]  Although all well-pleaded facts are accepted as true and the complaint is considered in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[11]

Although Rule 12(d) of the Federal Rules of Civil Procedure requires the court to treat the motion as a Rule 56 motion when matters outside of the pleadings are presented and not excluded

---

[5] *Twombly*, 550 U.S. at 555.

[6] *Id.* at 557–58; *Iqbal,* 556 U.S. at 678.

[7] *Iqbal,* 556 U.S. at 678 (citation omitted).

[8] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[9] *Iqbal*, 556 U.S. at 678.

[10] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[11] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

by the court, the Court may consider documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice in the Rule 12 analysis without converting the motion to a Rule 56 motion.[12]  In addition, the court may consider any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[13]  Significantly, when an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[14]

### B. Dismissal With Prejudice Is Improper

The Case Management Order ("CMO") governs basic procedural matters at the outset of BELO cases. ECF No. 3.  It expressly permits the parties to move to dismiss an individual BELO complaint with*out* prejudice for failure to complete the conditions precedent to filing a lawsuit. *Id*. at ¶ IV(1)(A).  Although the CMO authorizes only a dismissal without prejudice, BP seeks a dismissal *with* prejudice because plaintiff's failure to file timely cannot be cured by amending the complaint or granting additional time to comply with the conditions precedent. ECF No. 4-2, at 7. This Court has invoked MSA § IV(1) to modify the CMO and dismiss cases with prejudice when plaintiffs missed one of the absolute deadlines established in the MSA[15] such that "[n]o purpose

---

[12] *See, e.g., Tellabs, Inc. v. Makor Issues & Rts., Ltd*., 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

[13] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig*., 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc*., 925 F.3d 727 (5th Cir. 2019).

[14] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp*., 355 F.3d 370, 377 (5th Cir. 2004) (stating that if an allegation is contradicted by contents of an exhibit, the exhibit and not the allegation controls) (citing *Simmons v. Peavy–Welsh Lumber Co*., 113 F.2d 812, 813 (5th Cir. 1940)); *Thermo Credit, LLC v. Cordia Corp*., No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence) (citing *Assoc. Builders, Inc. v. Ala.  Power Co*., 505 F.2d 97, 100 (5th Cir. 1974)).

[15] *Benton v. BP Explor. & Prod. Inc*., No. 19-9985, at 5-6 (E.D. La. July 15, 2019), ECF No. 17, *R&R adopted* ECF No. 20, and *Montalvo v. BP Exploration & Production Inc*., No. 19-9987, at 5-6 (E.D. La. July 15, 2019), ECF No. 16, R&R adopted ECF No. 19.

would be served by dismissing these cases without prejudice, when their untimely filing under the Medical Settlement Agreement clearly means that their claims are barred and must be dismissed with prejudice."[16]

In this case, however, Plaintiff has not missed one of the absolute deadlines. Rather, Plaintiff has timely taken steps to file a BELO suit. ECF No. 7, at 7, 20. He fails to satisfy the conditions precedent because BP has not consented to his revocation of his opt-out and the Claims Administrator has refused to process his claim. ECF No. 4-2, at 8. The MSA's plain language imposes some limits on BP's authority to withhold consent, specifically that BP's consent may not be unreasonably withheld. MSA, ECF No. 6427-4, § XI.G. Plaintiff's complaint includes allegations that BP unreasonably withheld its consent and thus prevented him from satisfying the conditions precedent. ECF No. 1, ¶ 12, at 3-4, ¶ 13, at 4.

In other contexts, the Fifth Circuit has explained that withholding consent is unreasonable "where there are no 'sufficient grounds for a reasonably prudent business person to deny consent.'"[17] Whether BP has sufficient grounds to deny consent is thus a preliminary issue that must be resolved. If BP's refusal to consent were unreasonable, then Plaintiff will be allowed to revoke his opt-out and the Claims Administrator will be obliged to process his claim. Upon satisfying the conditions precedent, Plaintiff would then be entitled to pursue a BELO claim. On the other hand, if BP's consent to revocation was reasonably withheld, Plaintiff does not qualify as a class member entitled to pursue a BELO claim. He would, however, be entitled to pursue his personal injury claim as a B3 claim, which could be accomplished by converting this BELO Complaint into a B3 Complaint.

---

[16] *Id.* at 19-20.
[17] *Tenet HealthSystem Surgical, L.L.C. v. Jefferson Par. Hosp. Serv. Dist. No. 1*, 426 F.3d 738, 741 (5th Cir. 2005) (citing *Louisiana. Casino Cruises, Inc. v. Capitol Lake Props., Inc.*, 845 So. 2d 447, 450 (La. App. 1st Cir. 2003) (citation omitted)).

III.    **CONCLUSION**

As Plaintiff will have the right to pursue his personal injury claim via either the BELO or B3 avenue, dismissal of his claims *with* prejudice is improper.  It is also improper, however, to allow this case to proceed as a BELO matter (triggering the time deadlines for venue, transfer and other pre-trial matters) before resolution of whether Plaintiff is a class member entitled to pursue a BELO claim.  Accordingly, for these reasons, Plaintiff's BELO claim for LMPC should not proceed at this time.  If BP "unreasonably" withheld its consent to his revocation, Plaintiff will be entitled to demand that the Claims Administrator process his claim and satisfy the other conditions precedent to suit.  If, however, BP has not "unreasonably" withheld its consent to his revocation, then Plaintiff has no BELO claim but may be entitled to pursue his personal injury claim as a B3 claim.

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that the Motion to Dismiss Plaintiff's Complaint (ECF No. 4) filed by Defendants BP Exploration & Production Inc. and BP America Production Company be DENIED WITHOUT PREJUDICE;

IT IS FURTHER RECOMMENDED that Plaintiff's BELO complaint be STAYED pending resolution of Plaintiff's challenge to BP's decision to withhold consent, after which a determination may be made as to whether Plaintiff may pursue either a BELO or B3 claim;

IT IS FURTHER RECOMMENDED that the parties be allowed 45 days within which to conduct limited discovery directed solely to the issues of (1) Plaintiff's decision to opt-out of the BELO class, (2) Plaintiff's decision to revoke that opt-out, (3) BP's decision to refuse to consent to Plaintiff's request to opt-out and (4) communications between Plaintiff and the Claims

Administrator, after which they should be allowed 30 days within which to file cross-motions for summary judgment on the reasonableness issue.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[18]

New Orleans, Louisiana, this 8th day of June, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[18] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).