UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM DOUGLAS KORAN | * | CIVIL ACTION |
| VERSUS | * | NO. 22-802 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION "J" (2) |

Related to: 12-968 BELO in MDL 2179

**REPORT AND RECOMMENDATION**

Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") filed a Notice of Personal Service of Suggestion of Death and an Unopposed Motion to Dismiss for Failure to Substitute a Party. ECF Nos. 29, 30.

Having considered the record, the parties' submissions, and the applicable law, I recommend that the Unopposed Motion to Dismiss be GRANTED for the following reasons.

## I. BACKGROUND

Plaintiff William Douglas Koran filed this back-end litigation option ("BELO") suit for Later Manifested Physical Conditions ("LMPC"), on March 28, 2022, seeking damages for alleged exposure related to the BP oil spill. ECF No. 1, ¶¶ 5, 14. Plaintiff was allegedly exposed as a Zone A Resident as defined by the Medical Service Agreement and by his work cleaning up the spill. *Id.* ¶¶ 27–28.

On November 21, 2022, counsel for Plaintiff filed a Rule 25(a)(1) Suggestion of Death into the court record reflecting that Plaintiff died on October 8, 2022 as evidenced by the attached death certificate. ECF Nos. 23, 23-1. That filing did not, however, indicate that the notice had been served on a relevant non-party representative of decedent's estate. BP later filed a Motion to Dismiss based on that notice, but withdrew that motion. ECF Nos. 24, 26, 27.

BP has now filed a Notice of Personal Service of Suggestion of Death, which reflects personal service of the Notice of Death was perfected on decedent's surviving brother, and an Unopposed Motion to Dismiss for Failure to Substitute a Party. ECF Nos. 30; 29; 29-1; 23. Given that more than 90 days have elapsed since the filing of the Notice of Personal Service of Suggestion of Death and no motion for substitution of a proper party has been filed, BP seeks dismissal of this action with prejudice.

## II. APPLICABLE LAW AND ANALYSIS

Rule 25(a) of the Federal Rules of Civil Procedure provides:

> **(a) Death**.
>
> **(1)** ***Substitution if the Claim is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> . . .
>
> **(3)** ***Service.*** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5, and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

"The rule is procedural, and federal courts must apply federal rules, not state law, to determine proper procedure for substitution following a party's death."[1] While state law may govern the substantive question of who qualifies as a proper party, "Rule 25 intends liberal substitution to be permitted and does not require the plaintiff to invoke state machinery to produce a representative of the estate."[2] Rather, "[t]he proper inquiry is whether the party to be substituted could qualify

---

[1] *In re Willow Bend Ventures, LLC*, No. 18-6910, 2020 WL 242783, at *1 (E.D. La. Jan. 16, 2020) (quoting *Irvin-Jones v. Equifax Info. Servs. LLC*, No. 18-3224, 2019 WL 4394684, at *1 (S.D. Tex. Sept. 13, 2019)); *see also Ransom v. Brennan*, 437 F.2d 513, 530 (5th Cir. 1971) ("Since Rule 25 is a valid procedural rule, it therefore follows that the terms of Rule 25, and federal court decisions interpreting its meaning, control the manner of effecting substitution in the federal courts.").

[2] *Willow Bend*, 2020 WL 242783 at *1.

under state law to be the plaintiff's successor or representative, not whether the party has been appointed or recognized by the state."[3]

Before this 90-day clock can begin to run, however, the suggestion of death "must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."[4] Although Rule 25(a)(3) does not specify the non-parties to be served, "most courts have construed Rule 25(a) as imposing a general obligation on the noticing party to serve notice upon a deceased party's successor or representative."[5] Personal service on the non-party alerts him "to the consequences of death for the pending suit, signaling the need for action to preserve the claim if so desired."[6] This service is generally required, "even where it is difficult to determine who the personal representative is."[7] Requiring the serving party to shoulder the burden of locating the personal representative to serve is more appropriate than "permitting the absence of notice to decedent's representative to lead to forfeiture of the action."[8] Moreover, notwithstanding the mandatory language used in Rule 25, pursuant to FED. R. CIV. P. 6(b), courts are vested with discretion to extend the specified time period upon a showing of good cause.[9]

Plaintiff's death certificate attached to the Notice of and Suggestion of Death identifies Plaintiff's parents (Frank Douglas Koran and Willa Lee Church) and a brother (David Lee Koran). ECF No. 23-1 at 2. Plaintiff's parents and/or brother would be representatives under Louisiana

---

[3] *Id.* (quoting *Irvin-Jones*, 2019 WL 4394684, at *1).
[4] FED. R. CIV. P. 25(a)(3); *see also Sampson v. ASC Indus.*, 780 F.3d 679, 682–83 (5th Cir. 2015) (Rule 25 notice of death must be served on a deceased party's estate in accordance with Rule 4 before the court can grant a motion to substitute); *see also Ransom*, 437 F.2d at 515, 519 (Rule 4 service on a deceased-defendant's estate was required for the district court to grant a motion to substitute).
[5] *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 16-2740, 2024 WL 4680530, at *2 (E.D. La. Nov. 5, 2024) (quoting *Najor v. Plaquemines Clay Co.*, No. 13-5000, 2020 WL 13888746, at *2 (E.D. La. July 17, 2020)); *accord. In re Thompson*, No. 12-03668, 2018 WL 5815982, at *8 (Bankr. S.D. Miss. Nov. 5, 2018).
[6] *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2024 WL 4680530, at *2 (quoting *Sampson*, 780 F.3d at 681).
[7] *Sampson*, 780 F.3d at 681.
[8] *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985).
[9] *Smith v. Sackett*, No. 22-1306, 2022 WL 4127164, at *1 (E.D. La. Aug. 24, 2022).

law and thus entitled to notice.[10] BP indicates that decedent's parents are now deceased, and his surviving brother was personally served. ECF No. 30 ¶¶ 2, 3. Service was effected on May 1, 2026, and notice of same filed on May 8, 2026. ECF No. 29-1. The 90-day time period for substitution expired on July 30, 2026, and no party has filed a motion to substitute. For that reason, dismissal is proper.[11]

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that the Defendants BP Exploration & Production Inc. and BP America Production Company's Motion to Dismiss based on the failure to substitute a proper party within 90 days of service of Defendants' Suggestion of Death be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[12]

New Orleans, Louisiana, this 16th day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[10] *Cf.* LA. CIV. CODE arts. 891–92.
[11] FED. R. CIV. P. 25(a); *Sampson*, 780 F.3d at 681 (acknowledging that after "service of the statement noting death, a motion for substitution of the proper party must be made within ninety days or the action must be dismissed").
[12] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).